Woodruff, J. (Dissenting.)
It is conceded that the defendants are the owners of the pier and wharf at the foot of Spring street. That wharf forms the lower extremity or terminus of Spring street on the North river; it forms the landing place where the street or highway meets the river. The proof showed that the coach, with the plaintiff and his trunk, was driven to that wharf, in due course of business, to deliver some passengers to a steamboat there lying; that on turning the coach one of the planks forming the covering of the wharf broke by reason of its being rotten, the wheel of the coach went down and the coach was partially overturned, the plaintiff’s trunk was thrown into the water, and his goods were damaged. It further appeared that there was dirt on the surface of the wharf, so that the defect in the plank was not apparent from mere observation while walking or traveling over it.
*505 I think that upon these facts alone the plaintiff should not have been nonsuited.
The defendants are charged with the duty of seeing that the streets and highways of the city are kept in proper repair and safe condition for use by the public. (Hutson v. The Mayor, &c., 5 Seld., 163; 5 Sandf., 289; Storrs v. The City of Utica, 17 N. Y. R., 104.) This is not denied; nor is it claimed that their duty in regard to the public wharves at the foot of the streets, open and used as public landing places, is any less stringent. Nor can such a claim be made, especially when they are not only so used, but they are for the purpose of collecting wharf-age and deriving profits therefrom, regarded as being the very property of the corporation.
If, then, the duty exists, it carries with it the incidental duty to use some diligence to see that the wharves do not, by the operation of ordinary and natural causes, get out of repair or go to decay, and so endanger the lives or property of those who in the lawful pursuit of their business have occasion to use them. (See the above cases and Henly v. The Mayor of Lyme Regis, 5 Bing., 91.) The doctrine contended for by the defendants seems to me to be, that, having built a wharf, the defendants may rest without subjecting it to any examination for an unlimited time, and until some one gives them notice that repairs are necessary, or until the want of repairs becomes so apparent to a merely superficial observation that they must be deemed chargeable with notice. This view of their duty will often result as in this case; the surface of the wharves are of course in some degree covered with dirt, and knowledge of the defect will only be gained when an accident happens.
In the present case, the question is, whether enough was not proved by the plaintiff to cast upon the defendants the burden of showing due diligence in the performance of their duty. They are not insurers against accidents. They are not bound to anticipate every cause of defect in the streets, or liable for not remedying every defect, when it is not shown that they had notice, or by reasonable diligence might have known of its existence. (McGinity v. The Mayor, 5 Duer, 674.) They cannot anticipate every case of neglect or misconduct of individuals which may, for the time being, create defects in the street, which *506 however it will become their duty to remedy so soon as notified, and so soon as by reasonable diligence they might know it, whether notified or not.
The wharf in this instance was unsafe. The plank broke because it was a rotten or decayed plank. No evidence was given by either party as to the time when the wharf was constructed, or under what precautions to secure its being done properly.
At the time of the accident it was not safe. This was owing to a defect in its construction, or to its being suffered to remain until by the operation of natural causes one of its planks had decayed.
The corporation must be held to know that planks are liable to decay; and, knowing this, it is their duty to use at least ordinary diligence, in view of the uses to which wharves are devoted, to inspect them and see that they are in a proper condition ; and here enough was done to devolve upon them the burden of either showing that such diligence was used, or that by such diligence the defect could not have been discovered and remedied.
I think the nonsuit should be set aside and a new trial ordered, costs to abide the event.
Judgment ordered for the defendant.